UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERY KATSNELSON,

Plaintiff,

-against-

DEPARTMENT OF HOMELESS SERVICES, NYC,

Defendant.

24-CV-3458 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Valery Katsnelson, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendant violated his right "to stay in a homeless shelter for seniors in New York City." (ECF 1 ¶ I.A.) By order dated May 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The complaint, which names as Defendant the New York City Department of Homeless Services (DHS), sets forth the following facts. Since December 2023, Plaintiff has resided at "Julio's Place," a homeless shelter in Manhattan where "90%" of the residents are drug-addicted and violent, and management does nothing to "protect people," from "brutal attacks." (ECF 1 ¶ III.) On April 10, 2024, a drug-addicted resident assaulted Plaintiff, causing Plaintiff to suffer hearing and memory loss. (*Id.* at 6.) Plaintiff further claims that management allows residents to possess and use drugs and weapons in the facility; that there is little to no security; and that he is exposed to unsafe and unsanitary conditions in the bathrooms and other areas of the shelter. (*Id.* at 9-11.).

Plaintiff asserts that these matters "fall[] on" DHS, because it "provided absolute carelessness, irresponsibility, and negligence to this shelter." (*Id.* ¶ III.) Plaintiff seeks money damages. (*Id.* ¶ VI.)

## DISCUSSION

### A. Shelter conditions

Any claims Plaintiff is asserting, under Section 1983, based on shelter conditions must be dismissed because there is no federal constitutional right to housing, including a shelter system. *Muzumala v. City of New York*, No. 22-CV-8423, 2023 WL 2216095, at *5 (S.D.N.Y. Feb. 21, 2023). In *Lindsey v. Normet*, the Supreme Court held that there is no "constitutional guarantee of access to dwellings of a particular quality." 405 U.S. 56, 74 (1972). Furthermore, the government has no "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2012) (internal quotation marks and citation omitted). Plaintiff's allegations that he is a senior living in an undesirable shelter do not state a federal claim because there is no due process right to placement in a particular type of shelter under federal law or New York law. *See Lindsey*, 405 U.S. at 74 ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality . . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City Dep't of Homeless Svcs.*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("The Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law.").

Accordingly, Plaintiff's allegations that he is a senior citizen and has been subjected to unsafe shelter conditions fail to state a claim under Section 1983.

**B. New York City Department of Homeless Services (DHS)**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's claims against DHS must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

It may be Plaintiff's intention to assert claims against the City of New York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town*

*of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff does not assert facts suggesting that a municipal policy, custom, or practice resulted in the violation of his federally protected rights. The Court, therefore, declines to construe the complaint as asserting a claim against the City of New York.

**C. Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." (*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because, as explained below, the Court has granted Plaintiff leave to replead his claims, the Court will determine at a later stage whether to exercise supplemental jurisdiction of any state law claims Plaintiff seeks to assert.

## LEAVE TO REPLEAD GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to replead his claims in an amended complaint should he wish to do so. In the amended complaint, Plaintiff should assert any available facts showing that he can state a Section 1983 claim against the City of New York. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: June 21, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________
______________________________________
______________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

____ Civ. ________ ( ____ )

**AMENDED COMPLAINT**

**-against-**

Jury Trial: ☐ Yes ☐ No
(check one)

______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff Name ______________________________________
Street Address ______________________________________
County, City ______________________________________
State & Zip Code ______________________________________
Telephone Number ______________________________________

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name ____________________
Street Address ____________________
County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

Defendant No. 2
Name ____________________
Street Address ____________________
County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

Defendant No. 3
Name ____________________
Street Address ____________________
County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

Defendant No. 4
Name ____________________
Street Address ____________________
County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

**II. Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? ____________________

____________________

____________________

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ____________________
Defendant(s) state(s) of citizenship ____________________

____________________

## III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? ________________________________

______________________________________________________________________________

B. What date and approximate time did the events giving rise to your claim(s) occur? ___________

______________________________________________________________________________

______________________________________________________________________________

C. Facts: ______________________________________________________________________

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

## IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. ______________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _______________, 20__.

Signature of Plaintiff ______________________________________

Mailing Address ______________________________________

______________________________________

______________________________________

Telephone Number ______________________________________

Fax Number *(if you have one)* ________________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ______________________________________

Inmate Number ______________________________________